NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEITH MICHAEL CASSELLS, | No. 18-16381 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00313-KJM-AC |
| v. | |
| L. C. McNEAL, Correctional Officer; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted June 11, 2019[**]

Before:    CANBY, GRABER, and MURGUIA, Circuit Judges.

California state prisoner Keith Michael Cassells appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging improper

access to and use of his medical records.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo a dismissal under 28 U.S.C. § 1915A.  *Resnick v.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Cassells's informational privacy claims because Cassells failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *see also Seaton v. Mayberg*, 610 F.3d 530, 534-35 (9th Cir. 2010) (explaining that a proper governmental interest may overcome a conditional right to medical privacy).

The district court properly dismissed Cassells's Health Insurance Portability and Accountability Act claim ("HIPAA") because there is no private right of action under the statute. *See Seaton*, 610 F.3d at 533 ("HIPAA . . . provides no private right of action." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying joinder of new defendants and new claims related to a stolen laptop because these claims do not arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 18, 20; *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999) (standard of review).

We reject as unsupported by the record Cassells's contention of misconduct by California Department and Corrections and Rehabilitation employees.

**AFFIRMED.**